IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY KYLE,

                Plaintiff,

v.                                                   OPINION and ORDER

ANTHONY HENTZ, LILY LIU, TAMMY MAASSEN,         23-cv-775-jdp
HOLLY GUNDERSON, and WENDY MOHR,

                Defendants.

---

    After I dismissed his original complaint, plaintiff Anthony Kyle, proceeding without counsel, filed an amended complaint in which he alleged that prison medical staff delayed treatment of his painful hernia. Dkt. 10. I allowed Kyle to proceed against defendants on an Eighth Amendment medical care claim in their individual capacities. Dkt. 13.

    Defendant Dr. Lily Liu moves for summary judgment under the Prison Litigation Reform Act (PLRA), contending that Kyle didn't exhaust administrative remedies on his federal claim against her. Dkt. 35. Kyle filed an untimely response and a motion to extend the time to file the response. Dkt. 40 and Dkt. 41. Kyle's related inmate complaint clearly encompasses his federal claim against Dr. Liu, so I will deny this motion. I will deny as moot Kyle's motion for extension of time because I need not consider the response to decide the summary judgment motion.

    Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). A prisoner satisfies the exhaustion requirement if his inmate complaint gives the prison "notice of, and an opportunity to correct, a problem." *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th

Cir. 2020). An inmate complaint meets this requirement "if it provides notice to the prison of the nature of the wrong for which redress is sought." *See id.* at 995.

Kyle's inmate complaint, which he filed in early January 2023, met this requirement. Kyle said that his complaint was about denial of medical treatment for his painful hernia. Dkt. 37-1. Kyle explained that his hernia had developed in 2020 and that prison medical staff "never addressed it" even though he had sought medical treatment for it. *Id.* Kyle added that he was again seeking emergency medical treatment to "stop the pain and fix the hernia." *Id.* By the same token, Kyle is proceeding against Dr. Liu based on the allegation that she ignored his need for medical care for his hernia for more than two-and-a-half years, which caused him prolonged and unnecessary pain. Dkt. 13 at 2–3. Kyle's inmate complaint doesn't specifically mention Dr. Liu, but that omission is immaterial. The PLRA doesn't contain a "name all defendants" requirement. *Jones v. Bock*, 549 U.S. 199, 217 (2007); *see also Jackson v. Esser*, 105 F.4th 948, 959–60 (7th Cir. 2024). Dr. Liu also says that Kyle's inmate complaint was untimely, but he hasn't presented any evidence that prison officials rejected it on that basis. *See* Dkt. 37-1; *see also Conyers*, 416 F.3d at 585 ("[A] procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming.").

Dr. Liu asks me to grant her motion based on Kyle's failure to timely respond. But this failure isn't "sufficient grounds, standing alone, to grant the motion." *See Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). Dr. Liu cannot show that "summary judgment [is] proper [based on the] the undisputed facts" because the inmate complaint shows that Kyle exhausted his federal claim against her. *See id.*

In sum, a reasonable factfinder could only conclude that Kyle's inmate complaint gave his prison notice of his problem and a chance to correct it. I will deny Dr. Liu's motion.

ORDER

IT IS ORDERED that defendant Dr. Liu's motion for summary judgment on exhaustion grounds, Dkt. 35, is DENIED.

Entered December 16, 2024.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge